UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

VICTORIA MICHELLE FARIAS,

                     Plaintiff,

    -v-

THE CITY OF NEW YORK, New York City Police Department ("NYPD") OFFICER DAVID PRESTON (Shield No. 25703), NYPD UNDERCOVER OFFICER #16792, NYPD OFFICERS JOHN DOES 1 through 10 (the names "John Doe" being fictitious, as the true names and shield numbers are not presently known), in their individual capacities,

                     Defendants.

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Index No.

VICTORIA MICHELLE FARIAS, by her attorney REBECCA HEINEGG of the Law Office of Maurus and Heinegg, as and for her complaint, does hereby state and allege:

**PRELIMINARY STATEMENT**

1. This is a civil rights action brought to vindicate plaintiff's rights under the First, Fourth, and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983; and pendant claims under the Constitution of the State of New York, Article I, §§ 6, 11, and 12, and the laws of the State of New York.

2. Plaintiff VICTORIA MICHELLE FARIAS' rights were violated when officers of the New York City Police Department ("NYPD") unconstitutionally and without any legal basis seized, detained, and arrested her. Plaintiff's rights were further violated when she was subjected to excessively and unreasonably prolonged, unnecessary, and punitive detention.

3. Defendants' actions arose from a perception of plaintiff's gender identity and sexual orientation, rather than any indication of criminal conduct on her part. By reason of defendants' actions, plaintiff was deprived of her constitutional rights.

4. Plaintiff seeks an award of compensatory and punitive damages and attorneys' fees.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3-4).

6. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of the First, Fourth, and Fourteenth Amendments of the Constitution of the United States.

7. Venue is proper pursuant to 28 U.S.C. §1391(b) in that plaintiff's claims arose in the Eastern District of New York.

8. This Court has supplemental jurisdiction over plaintiff's claims against defendants under the Constitution and laws of the State of New York because they are so related to the within federal claims that they form part of the same case or controversy pursuant to 28 U.S.C. § 1367(a).

9. Pursuant to New York State General Municipal Law § 50-E, plaintiff filed a timely Notice of Claim with the New York City Comptroller on or about October 18, 2012. Plaintiff's claim was not adjusted by the New York City Comptroller's Office within the period of time provided by statute.

10. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

## PARTIES

11. Plaintiff is a Mexican transgender woman, and at all times relevant to this action was a resident of Queens County, New York.

12. At the time of plaintiff's arrest, her legal name was Carlos Roberto Farias Torres. Plaintiff has since legally changed her name to Victoria Michelle Farias.

13. Defendant THE CITY OF NEW YORK ("CITY") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY assumes the risks incidental to the maintenance of a police force and the employment of police officers.

14. Defendants NYPD OFFICER DAVID PRESTON, NYPD UNDERCOVER OFFICER #16792, and Officers JOHN DOES 1 through 10 ("individual defendants") were at all times relevant herein officers, employees and agents of the NYPD. At all times relevant to this action, the individual defendants were acting under color of state law as agents, servants, employees and officers of the NYPD. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD.

15. The individual defendants are being sued in their individual capacities.

16. The true names and shield numbers of defendants NYPD UNDERCOVER OFFICER #16792 and NYPD OFFICERS JOHN DOES 1 through 10 are not currently known to plaintiff. However, all of said defendants are employees or agents of the NYPD. Accordingly, said defendants are entitled to representation in this action by the New York City Law Department ("Law Department") upon their request, pursuant to New York State General Obligations Law § 50-k. The Law Department, then, is hereby put on notice that (a) plaintiff intends to name said officers as defendants in an amended pleading once the true

names and shield numbers of said defendants becomes known to plaintiff; and (b) the Law Department should immediately begin preparing their defense in this action.

17. Defendants' acts herein complained of were carried out intentionally, recklessly, and with malice and gross disregard for plaintiff's rights.

## STATEMENT OF FACTS

18. The incident alleged herein occurred at approximately 9:00 p.m. on February 25, 2012 in the vicinity of Roosevelt Avenue and 77th Street, Jackson Heights, New York, and continued thereafter as set forth below.

19. At the time set forth in paragraph 18, plaintiff left her home near the location set forth in paragraph 18 and went to the store to purchase ham and bread.

20. As plaintiff returned from the store, she saw NYPD UNDERCOVER OFFICER #16792 standing on the corner of 77th Street and Roosevelt Avenue, talking to an unidentified male.

21. Plaintiff did not know the identity of NYPD UNDERCOVER OFFICER #16792, did not know that NYPD UNDERCOVER OFFICER #16792 was a police officer, and did not know that the NYPD was in the process of conducting a prostitution sting operation.

22. As plaintiff passed by the corner identified in paragraph 18, the unidentified male asked plaintiff for directions, and plaintiff stopped to answer his question.

23. As plaintiff was giving directions, NYPD UNDERCOVER OFFICER #16792 stated, in sum and substance, "KEEP MOVING, FAGGOT. GET AWAY FROM HERE IF YOU DON'T WANT PROBLEMS."

24. Plaintiff did not pay attention to NYPD UNDERCOVER OFFICER #16792, and continued to provide directions.

25. NYPD UNDERCOVER OFFICER #16792 continued to interrupt and insult plaintiff.

26. Plaintiff then responded to NYPD UNDERCOVER OFFICER #16792, "Who are you to talk to me like that, are you police or something?"

27. NYPD UNDERCOVER OFFICER #16792 then repeated, in sum and substance, "KEEP WALKING, FAGGOT. YOU'RE GOING TO HAVE PROBLEMS FOR TALKING TO ME LIKE THAT."

28. Plaintiff then continued back to her house. As plaintiff reached her door, NYPD UNDERCOVER OFFICER #16792 screamed, in sum and substance, "ARREST HER!"

29. Several of the individual defendants then grabbed plaintiff, and threw her against the side of the building.

30. As plaintiff protested, one of the individual defendants stated, in sum and substance, "BE QUIET, PEOPLE LIKE YOU SHOULD BE DYING," handcuffed plaintiff, and asked plaintiff if she had condoms. Plaintiff responded that she did not.

31. Plaintiff asked why she was being arrested, and was told that it was because of what she had done on the corner.

32. One of the individual defendants put a sticker on plaintiff with the number "2" written on it, and placed her in the back of a police van.

33. Over the course of several hours, the individual defendants arrested eight more people, placing consecutively numbered stickers on each of the arrestees. The individual defendants stated, in sum and substance, that once they had ten, they could go.

34. After sitting in the van for several hours, plaintiff was transported to the 115th Precinct.

35. At the 115th Precinct, several of the individual defendants made derogatory comments and slurs against plaintiff, including saying "IS IT A HE OR A SHE?"

36. Although plaintiff is a transgender woman, the individual defendants placed her in a holding cell with eight men.

37. Plaintiff told one of the individual defendants that she did not feel safe being put with the men. The individual defendant responded that she was a man just like they were.

38. One of the men in the cell in which plaintiff was placed harassed and groped plaintiff.

39. Plaintiff again called to a number of the individual defendants to tell them that she did not feel safe in the cell. One of the individual defendants again told her that she had to stay with the men.

40. At the 115th Precinct, several of the individual defendants took plaintiff to be fingerprinted. As the individual defendants took plaintiff's fingerprints, they laughed at her and told her that they did not know if her fingerprints would be seen as a man's or a woman's.

41. Several of the individual defendants then fingerprinted plaintiff three more times.

42. At approximately 4:00 a.m. on February 26, 2012, plaintiff was transported to Central Booking.

43. At Central Booking, plaintiff was again put in a cell with men. As plaintiff was in this cell, some of the men harassed her and exposed their genitals to her.

44. At Central Booking, plaintiff's fingerprints were taken three more times.

45. Plaintiff was held at Central Booking for approximately 56 hours before she was eventually arraigned and released on her own recognizance. At the time of her arraignment, plaintiff had been held in custody for a total of approximately 63 hours.

46. Upon information and belief, the individual defendants intentionally prolonged plaintiff's detention.

47. Plaintiff was charged with a violation of New York Penal Law §195.05, Obstructing Governmental Administration in the Second Degree. The accusatory instrument alleges as follows:

> DEPONENT IS INFORMED BASED ON THE SUPPORTING DEPOSITION SIGNED BY POLICE OFFICER DAVID PRESTON, SHIELD #25703, OF THE 115 PRECINCT, THAT AT THE ABOVE DATE, TIME AND PLACE OF OCCURRENCE, SAID OFFICER DID OBSERVE THE DEFENDANT ROBERTO TORRES OBSTRUCTING GOVERNMENTAL ADMINISTRATION WHICH SAID OFFICER WAS CONDUCTING A PROSTITUTION OPERATION BY TELLING THE UNDERCOVER THAT SHE IS A POLICE OFFICER AND THEREBY JEOPARDIZING THE OPERATION AND COMPROMISE THE UNDERCOVER OFFICER.

48. During the period between February 25, 2012 and July 25, 2012, plaintiff was required to make approximately five court appearances to defend herself in the criminal proceedings that defendants had initiated against him.

49. On July 25, 2012, New York State Criminal Court Judge Lenora Gerald dismissed the charge against plaintiff as facially insufficient.

50. As a result of this incident, plaintiff suffered physical, psychological and emotional injuries, mental anguish, suffering, humiliation and embarrassment.

### FIRST CAUSE OF ACTION
### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION
### THROUGH 42 U.S.C. § 1983

51. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

52. Defendants NYPD OFFICER DAVID PRESTON, NYPD UNDERCOVER OFFICER #16792, and Officers JOHN DOES 1 through 10, under color of state law, unlawfully seized and arrested plaintiff.

53. Defendants did not have probable cause to arrest plaintiff, nor was it objectively reasonable for defendants to believe that they did have probable cause to arrest plaintiff.

54. Defendants' decision to arrest plaintiff was based upon plaintiff's First Amendment-protected statements to NYPD UNDERCOVER OFFICER #16792, and upon defendants' perception of plaintiff's gender identity and sexual orientation, and not upon plaintiff's violation of any provision of the penal law.

55. Defendants, acting willfully and maliciously, commenced and continued a false prosecution against plaintiff, and caused her to be prosecuted.

56. Defendants did not have probable cause to commence and continue a criminal proceeding against plaintiff.

57. Plaintiff was unjustifiably deprived of her liberty for at least 63 hours as a result of the false arrest.

58. The criminal proceedings were terminated in plaintiff's favor.

59. By the conduct described above, defendants, under color of state law, subjected plaintiff to the foregoing acts and omissions without due process of law and in violation of the First, Fourth and Fourteenth Amendments to the United States Constitution, through 42 U.S.C. § 1983, thereby depriving plaintiff of her rights, privileges and immunities, including, without limitation, deprivation of the following constitutional rights:

   a. Freedom to engage in protected speech, expression and association;

   b. Freedom from unreasonable seizures of her person, including but not limited to excessive pre-arraignment detention;

   c. Freedom from arrest without probable cause;

   d. Freedom from false imprisonment, meaning wrongful detention without good faith, reasonable suspicion or legal justification, and of which plaintiff was aware and did not consent;

  e. Freedom from the lodging of false charges against her by police officers;

  f. Freedom from malicious prosecution by police, that being prosecution without probable cause that is instituted with malice and that ultimately terminated in plaintiff's favor;

  g. The enjoyment of equal protection, privileges and immunities under the laws.

60. Defendants' deprivation of plaintiff's constitutional rights resulted in the injuries and damages set forth above.

## SECOND CAUSE OF ACTION
## RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR VIOLATIONS OF THE LAWS OF THE STATE OF NEW YORK

61. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

62. The conduct of the individual defendants alleged herein occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as NYPD officers, and/or while they were acting as agents and employees of defendant CITY, clothed with and/or invoking state power and/or authority, and, as a result, defendant CITY is liable to Plaintiff pursuant to the state common law doctrine of respondeat superior.

63. As a result of the foregoing, plaintiff was deprived of her liberty, suffered bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## THIRD CAUSE OF ACTION
## VIOLATIONS OF THE CONSTITUTION OF THE STATE OF NEW YORK

64. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

65. Defendants' conduct alleged herein breached the protections guaranteed to plaintiff by the New York State Constitution, Article I, §§ 6, 11, and 12, including the following rights:

a. Freedom from deprivation of liberty without due process of law;

b. Freedom from false imprisonment, meaning wrongful detention without good faith, reasonable suspicion or legal justification, and of which plaintiff was aware and did not consent;

c. The enjoyment of equal protection, privileges and immunities under the laws.

66. Defendants' deprivation of plaintiff's rights under the New York State Constitution resulted in the injuries and damages set forth above.

### FOURTH CAUSE OF ACTION
### MALICIOUS PROSECUTION
### UNDER THE LAWS OF THE STATE OF NEW YORK

67. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

68. Defendants misrepresented and falsified evidence before the District Attorney of Queens County ("DAQC").

69. Defendants did not make a complete and full statement of facts to DAQC.

70. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff.

71. Defendants lacked probable cause to initiate criminal proceedings against plaintiff.

72. Defendants acted with malice in initiating criminal proceedings against plaintiff.

73. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff.

74. Defendants lacked probable cause to continue criminal proceedings against plaintiff.

75. Defendants acted with malice in continuing criminal proceedings against plaintiff.

76. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

77. Notwithstanding defendants' misconduct, the criminal proceedings against plaintiff were favorably terminated on the merits.

78. As a result of the foregoing, plaintiff was deprived of her liberty, suffered bodily injury, pain and suffering, psychological and emotional injury, and was otherwise damaged and injured.

## FIFTH CAUSE OF ACTION
## NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION, AND TRAINING UNDER THE LAWS OF THE STATE OF NEW YORK

79. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

80. Defendant CITY negligently hired, screened, retained, supervised, and trained defendants. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

81. As a result of the foregoing, plaintiff suffered the injuries and damages set forth above.

## JURY DEMAND

82. Plaintiff demands a trial by jury in this action on each and every one of her damage claims.

WHEREFORE, plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

    a.    That she be compensated for violation of her constitutional rights, pain, suffering, mental anguish, and humiliation; and

    b.    That she be awarded punitive damages against the individual defendants; and

    c.    That she be compensated for attorneys' fees and the costs and disbursements of this action; and

    d.    For such other further and different relief as to the Court may seem just and proper.

Dated:   New York, New York
         July 11, 2013

                                  Respectfully submitted,

                                  Rebecca Heinegg
                                  Maurus & Heinegg
                                  *Attorneys for the Plaintiff*
                                  48 Wall Street, 11th Floor
                                  New York, New York 10005
                                  t: (212) 227-2303
                                  f:  (212) 320-0230